## BOLTON vs LUNDY.

The notice required to be given by a security to the person having the "right of action," to commence suit against the principal debtor, under the provisions of the 1st sect. of the act "concerning securities," (R. C. p 574) may be given verbally.

Appeal from the Circuit Court of Callaway county.

Opinion of the court delivered by Tompkins Judge.

"Bolton sued Lundy in the Circuit Court, where judgment was given against him, and to reverse the judgment he appeals to this court.

The suit was commenced in the Circuit Court on a note executed by John G. Williams and Richard Lundy to Bolton. On the trial it appeared in evidence, that Lundy gave verbal notice to Bolton to sue Williams, he, Lundy, being security only. It was contended that the notice should have been written. These are the words of the act of 1835 concerning securities sec. 1, page 574. "Any person bound as security for another in any bond, bill or note for the payment of money or delivery of property, may, at any time after an action has accrued thereon, require the person having such right of action forthwith to commence an action against the principal debtor, and all the other parties liable."

One could hardly imagine how an argument could be maintained on this subject, the law being as it is.

But it was contended that as the statutes previously made on this subject both under the Territorial and State Governments required written notice to be served, therefore the Legislature intended that the notice, here required to be served, should also, be in writing, although the act did not in terms require it. I perceive no error in the decision of

The notice required to be given by a security to the person having the "right

the circuit court that a verbal notice is sufficient, such being the opinion of all, it is affirmed."

Leonard for appellee.

"The only question presented by the record is whether under the act of the 16th of March 1835 concerning "securities," (R. S. Mo. 574) a notice to sue, not in writing, is sufficient to discharge a security from his obligation.

In support of the affirmative of this proposition, it is respectfully submitted to the court on behalf of the appellee that 1st, the words of the statute, to which securities are exclusively indebted for this remedy, do not require the notice to be in writing—The words are unlimited—as comprehensive as they can be "any person bound as security for another in any bond &c. may require the person having the right of action forthwith to commence suit &c." [R. S. Mo. 574.] No demand therefore a written notice. a requirement in writing, is a construction contrary to the plain letter of the act.

2. And contrary also to the intent of the Legislature, as is manifested in various ways.

1. There are many instances in the revised Statutes of 1835, where the Legislature have required a notice to be given, and wherever it was their intention, that such notice should be in writing, they have so expressly, declared. R. S. M. 357, sec. 9, 1b, 220, sec. 6.

2. In the very statute now under consideration, we have two other instances of notices being required, and it being the Legislative intention that, in these cases; the notice should be in writing, they have expressly made this requisition R. L. 575; sect. 9—and 12.

3. The last act on this subject passed in 1816 (Geyers digest, 366 sec. 1) expressly required the notice to be in writing—" may by notice in writing require &c." This phraseology was continued in the law through the revision of 1825 (R. L. M. of 1825 735, sec. 1,) down to the last revision—space of nearly twenty years, when the words "by notice in writing "were, as it must be presumed, intentionally omitted, with a view to a change of the law on this subject."

*Margin:*

Bolton vs, Lundy,

of action," to commence suit against the principal debtor, under the provisions of the 1st sect. of the act "concerning securities," (R. C. p. 574) may be given verbally.